## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: ) | Case No. 24-01113-lmj11 |
| ) | |
| **DWIGHT ANTHONY REED,** ) | Chapter 11 (Converted from Ch. 13) |
| ) | |
| Debtor and Debtor in Possession. ) | Hon. Lee M. Jackwig |
| ) | |
| 2901 Druid Hill Drive ) | **DEBTOR'S APPLICATION TO** |
| Des Moines, IA 50315 ) | **EMPLOY CHAPTER 11 GENERAL** |
| ) | **REORGANIZATION COUNSEL** |
| SSN: xxx-xx-3233 ) | |
| ) | No Hearing Set |

Dwight Anthony Reed, ("Reed" or the "Debtor"), Debtor and Debtor in Possession herein, respectfully represents:

1. On August 2, 2024 (the "Petition Date"), the Debtor filed his Voluntary Petition under Chapter 13 of the Bankruptcy Code (Docket No. 1). On August 27, 2024, the Debtor filed to have case converted to Chapter 11 (Docket No. 15). On September 23, 2024, the Court entered its Order converting the instant case to a case under Chapter 11 (Docket No. 28)

2. Debtor wishes to retain Jeffrey D. Goetz, Esq., and the law firm of Dickinson, Bradshaw, Fowler & Hagen P.C. (the "Firm") as his Chapter 11 General Reorganization Counsel at the expense of the estate.

3. The Firm is comprised, in part, of attorneys who practice in insolvency and reorganization bankruptcy law, and is qualified to represent the Debtor in proceedings of this nature. It is anticipated that Jeffrey D. Goetz will be lead counsel and will primarily provide legal services to the Debtor. All of the attorneys who will appear in this case are duly admitted to practice law in the courts of the State of Iowa and in the United States District Court for the Southern District of Iowa. Jeffrey D. Goetz is Board-Certified in Business and Consumer Bankruptcy Law by the American Board of Certification.

4.  The Firm will render services to the Debtor at the Firm's regular hourly rates. The Firm understands that its compensation is subject to approval of this Court and intends to apply in conformity with Bankruptcy Code Sections 330 and 331 for compensation and reimbursement for fees incurred and costs advanced.

5.  The Debtor requires the services of the Firm to render the following types of professional services:

   (a)  To advise and assist the Debtor with respect to compliance with the requirements of the United States Trustee;

   (b)  To advise the Debtor regarding matters of Bankruptcy Law, including the rights and remedies of the Debtor with regard to its assets and with respect to the claims of creditors;

   (c)  To represent the Debtor in any proceedings or hearings in the Bankruptcy Court and in any action in any other court where the Debtor's rights under the Bankruptcy Code may be litigated or affected;

   (d)  To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, and pleadings related to this Chapter 11 case;

   (e)  To advise the Debtor concerning the requirements of the Bankruptcy Code and applicable rules as the same affect the Debtor in this proceeding;

   (f)  To assist the Debtor in the negotiation, formulation, confirmation, and implementation of a Chapter 11 Plan;

   (g)  To make any court appearances on behalf of the Debtor; and

   (h)  To take such other action and perform such other services as the Debtor may require of the firm in connection with the Chapter 11 case.

6.  The Firm believes that it does not have any interest adverse to the Debtor or its estate as that term is used in Bankruptcy Code Section 327(a). The Firm also believes that it is a disinterested person as that term is defined in Bankruptcy Code Section 101(14).

7. The Debtor and the Firm have entered into a Chapter 11 Legal Services Agreement dated September 6, 2024. A copy of the Agreement is attached hereto as Exhibit "A".

8. The Firm requested and received a post-petition retainer of $50,000.00 from the Debtor prior during the pendency of the Chapter 13 case and prior to conversion of the case to Chapter 11. The Firm has not been paid for any pre-petition or post-petition legal services and expenses. The post-petition retainer is in the Dickinson, Bradshaw, Fowler & Hagen, P.C. Client Trust Account, to be applied to post-petition attorney fees and costs incurred, after application to and upon approval by the Bankruptcy Court.

9. At the conclusion of this case the Firm will file an appropriate final application seeking allowance of all fees and costs, regardless of whether interim compensation has been paid. Upon allowance of such fees and costs, the Debtor will pay the Firm the difference between the amount finally allowed and any interim compensation paid.

10. The Debtor and the Firm understand and agree that the proposed compensation agreement is subject to Bankruptcy Code Section 328 which authorizes this Court to allow compensation different from what is here provided, if the fee arrangement appears, in retrospect, to have been improvident in light of developments unanticipated at the outset. The Firm understands and agrees that if aggregate interim payments exceed the amount which is ultimately allowed, the Firm will be required to, and will promptly repay the difference to the estate.

11. The Firm requests that this Court enter an order modifying the time limitations of Bankruptcy Code Section 331 and permit the submission of interim fee applications on a 60-day basis rather than on the 120-day basis prescribed by that section.

12. The Firm has not shared, or agreed to share, any compensation as may be awarded by the Court, except as among members of the Firm, except as disclosed herein.

WHEREFORE, the Debtor prays that he be authorized, pursuant to Bankruptcy Code Section 327 and Rule 2014(a) of the Bankruptcy Rules, and the terms of the Legal Services Agreement, to employ Jeffrey D. Goetz, Esq., and the law firm of Dickinson, Bradshaw, Fowler & Hagen, P.C. as its General Reorganization Counsel, with the compensation to be at the expense of the estate in such amounts as the Court may hereafter allow in accordance with the law; that Dickinson, Bradshaw, Fowler & Hagen, P.C. be permitted to submit interim fee applications every 60 days; and for such other and further relief as the Court may deem just and equitable under the circumstances.

Dated: 9/24/2024                    */s/ Dwight A. Reed*
                                    Dwight A. Reed, Owner
                                    AON Studios, LLC.
                                    Debtor and Debtor in Possession

## CERTIFICATION

I am the Proposed General Reorganization Counsel for Dwight A. Reed, Debtor and Debtor in Possession herein in this pending Chapter 11 case, and a shareholder in the law firm of Dickinson, Bradshaw, Fowler & Hagen, P.C. The matters stated in this Declaration are true and correct and within my own personal knowledge and belief. If called as a witness, I could and would competently testify hereto. I am an attorney licensed to practice law before this Court and I have personal knowledge of the facts set forth in the foregoing Application to Employ General Reorganization Counsel. I declare under penalty of perjury under the laws of the United States and the laws of the State of Iowa that I have reviewed the attached

4

Application and to the best of my knowledge and information, I believe the statements therein to be true and correct.

Dated:  September 24, 2024      */s/ Jeffrey D Goetz*  _____
Jeffrey D. Goetz, Esq., AT0002832
Dickinson Bradshaw Fowler & Hagen P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
515/246-5817
515/246-5808 FAX
jgoetz@dickinsonbradshaw.com

Proposed General Reorganization Counsel for Dwight A. Reed Debtor and Debtor in Possession

CERTIFICATE OF SERVICE:  This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

*/s/       Nicholas Valley*