# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br><br>DWIGHT A. REED<br><br>Debtor. | CHAPTER 11<br><br>CASE NO.: 24-01113-lmj11<br><br>UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION TO EMPLOY YING SA, CPA AND COMMUNITY CPA & ASSOCIATES |

The Acting U.S. Trustee for Region 12 ("UST"), through the undersigned Trial Attorney, files this objection to *Debtor's Application to Employ Ying Sa, CPA, and Community CPA & Associates as General Reorganization Accountants* ("Application"). In support of this Objection, the UST respectfully states:

1. The UST has standing to object under 11 U.S.C. § 307 and 28 U.S.C. § 586.

2. On August 2, 2024 Debtor filed a voluntary, individual chapter 13 petition *pro se*.

3. On August 27, 2024, newly-engaged counsel Jeffrey Goetz filed a *Motion to Convert Case to Chapter 11* and a second *Motion to Extend Deadline to File Schedules or Provide Required Information* on behalf of the Debtor. *See* Docs. 15 and 16.

4. On September 23, 2024, the Court entered its Order allowing the case to convert from chapter 13 to chapter 11.

5. Debtor filed his *Application to Employ Ying Sa, CPA, and Community CPA & Associates as General Reorganization Accountants* on December 30, 2024. *See* Doc. 75.

6. The UST is aware the Debtor has been searching for an appropriate accountant for some time. *See* Doc. 62, *Debtor's Subchapter V Pre-Status Conference Report*, filed October 31, 2024.

7. Attached to the Application and marked as "Exhibit A" to the Application is the Engagement Agreement contemplated in the Application. The Engagement Agreement is unsigned by all parties and is dated December 23, 2024. The Engagement Agreement does not define "client" but is titled "Professional Service Agreement with AON Studio LLC."

8. The Debtor in this case is Dwight Reed, an individual. As such, the Engagement Agreement contemplated by the Application appears to be a contract between a non-debtor entity and third-party.

9. The UST objects to approval of any agreement that is not entered into by and on behalf of the Debtor, Dwight Reed. The UST further objects to the payment of services rendered on behalf of any business the Debtor owns, as the businesses are not subject to the authority and oversight of the present bankruptcy.

10. Paragraph 2 of the Application seeks the employment to be "effective as of the date of the first service provided to the Debtor on December 1, 2024." The Application does not state the cause for the delay between the apparent engagement of the accountant on December 1, 2024, and the filing of the Application on December 30, 2024.

11. The UST objects to the unauthorized employment and payment of any fees incurred prior to the Application filing date: December 30, 2024.

12. Bankruptcy courts regularly approve employment applications effective as of the date employment begins, but only so long as the professional's application is promptly and timely filed. Applications seeking retroactive employment must give reasons as to the delay in seeking approval of the employment. The present Application gives no cause behind the delay in seeking approval.

13. 11 U.S.C. § 327 of the Bankruptcy Code aims to provide notice to all creditors and parties in interest that the trustee (in this case, debtor-in-possession) is hiring a professional and is proposing to pay the professional from estate funds. Section 327 also gives the Court the ability to perform a screening process, verify the necessity of employment, ensure the neutrality of the person employed, and control and limit estate expenses, thereby promoting efficient administration of the bankruptcy estate. *See generally* 2 Lawrence P. King, Collier on Bankruptcy, § 327.03 (16th ed. 2009). "Section 327 requires 'prior court authorization of a professional's employment ... to prevent volunteerism and to assist the court in controlling administrative expenses.'" *Farinash v. Vergas (In re Aultman Enters.)*, 264 B.R. 485, 490 (E.D. Tenn. 2001) (quoting *In re McDaniels*, 86 B.R. 128, 129 (Bankr. S.D. Ohio 1988)).

14. Nunc pro tunc or retroactive applications for employment of professionals are generally frowned upon and are granted only under extraordinary circumstances. *In re Grimes*, 115 B.R. 639, 642 (Bankr. D. S.D. 1990); *citing FIS Airlease II, Inc. v. Simon*, 844 F.2d 99 (3d Cir. 1988), *Okamota v. THC Financial Corp.*, 837 F.2d 389 (9th Cir. 1988), *In re Arkansas Co., Inc.*, 798 F.2d 645 (3d Cir. 1986). "In the Eighth Circuit, a bankruptcy court may, for equitable reasons and in its discretion, enter a nunc pro tune order authorizing employment." *Grimes*, 115 B.R. at 642; *see Lavender v. Wood Law Firm*, 785 F.2d 247 (8th Cir. 1986).

15. In assessing whether or not extraordinary circumstances exist, courts often look to the non-exhaustive formulation expressed in *In re Arkansas*, 798 F.2d 645 (3d Cir. 1986). In *Arkansas*, the 3rd Circuit instructed bankruptcy courts to consider "whether the applicant or some other person bore responsibility for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that

3

initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors." 798 F.2d at 650.

16.   The factors expressed in *Arkansas* do not support retroactive relief requested within the present Application. 798 F.2d 645. The Debtor, Dwight Reed, is solely responsible for the administration of his estate; any time pressure to begin service prior to approval has been well-known and contemplated throughout the life of this case; the 30-day delay evident from the request of the Application and the timing of the filing is unacknowledged by the Application; and finally the potential compensation that could otherwise be sought prior to the filing of the Application will take money directly from the Debtor's creditors.

17.   Additionally, the Supreme Court recently criticized the use of a nunc pro tunc order as an "Orwellian vehicle for revisionist history" when a federal court sought to make an order of remand effective five months before the order was issued. *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 701 (2020). In *Acevedo Feliciano*, the Archdiocese filed for chapter 11 relief and removed pension litigation from a Commonwealth court to the U.S. district court as related to its bankruptcy proceeding. The bankruptcy case was dismissed, and five months later, the district court remanded the pension litigation and made its order nunc pro tunc to the date of the bankruptcy dismissal five months earlier. The Supreme Court found that jurisdiction remained in the federal court during that five-month period and that the remand order was not and could not be considered effective nunc pro tunc. *Id.* at 700-701. The Court explained that nunc pro tunc orders cannot be used to create facts retroactively or to change the reality of what has occurred:

> Federal courts may issue nunc pro tunc orders, or "now for then" orders, Black's Law Dictionary, at 1287, to "reflect the reality" of what has already occurred, *Missouri v. Jenkins*, 495 U.S. 33, 49, 110 S. Ct. 1651, 109 L.Ed.2d 31 (1990).

    Put colorfully, "[n]unc pro tunc orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact." *United States v. Gillespie*, 666 F.Supp. 1137, 1139 (ND Ill. 1987). Put plainly, the court "cannot make the record what it is not." *Jenkins*, 495 U.S. at 49, 110 S. Ct. 1651.

    18.    Professionals who unduly delay seeking their employment authorization from the bankruptcy court do so at their own peril. The current Application provides no support for why it was not filed on the date which it seeks to be effective. Given the lack of justification and considering the authority against granting the employment, the Application should be effective December 30, 2024, the date originally filed. Further, the scope of the Application must be limited to services the individual Debtor actually needs and agrees to, not the general accounting services required of a business as contemplated by the Application.

    WHEREFORE, the Acting United States Trustee requests this Court to deny the Application, and for such other relief as is equitable.

Dated this 13th of January, 2025

        Respectfully Submitted,

        **Mary R. Jensen**
        Acting United States Trustee

        By: */s/ Claire R. Davison*
        Trial Attorney
        210 Walnut Street, Room 793
        Des Moines IA  50309
        202-320-3943
        Claire.R.Davison@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that copies of this document were served on the parties listed below by electronic mail or first-class mail, postage prepaid, on January 13, 2025:

    All parties receiving ECF notifications.

    Dwight Anthony Reed
    PO Box 1681
    Des Moines, IA 50305

    <u>/s/ *Shelly Fellner*</u>
    Shelly Fellner
    Legal Assistant