**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In Re:<br><br>DWIGHT A. REED<br><br>Debtor. | CHAPTER 11<br><br>CASE NO.: 24-01113-lmj11<br><br>UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S SECOND MOTION TO EXTEND DEADLINE FOR FILING PLAN |

The Acting U.S. Trustee for Region 12 ("UST"), through the undersigned Trial Attorney, files this objection to *Debtor's Second Motion to Extend Deadline for Filing Plan* ("Motion"). In support of this Objection, the UST respectfully states:

1. Debtor originally filed his chapter 13 petition *pro se* on August 2. After engaging counsel, Debtor filed his Motion to Convert to Chapter 11 on August 27, 2023. Debtor's amended petition, electing to proceed under the expedited timeline of subchapter V, was filed on September 9, 2024. The Court entered its Order granting the conversion on September 23, 2023.

2. Debtor's Plan of Reorganization was required to be filed by December 22, 2024, or Monday, December 23 by operation of Bankruptcy Rule 9006.

3. On December 23, 2024, Debtor filed his *First Motion to Extend Deadline for Filing Plan. See* Doc. 70.

4. December 23, 2024 was also the deadline set by the Court on the UST's Motion for Order to Show Cause to provide the UST numerous documents the UST has been requesting since October to substantiate the Debtor's financial condition. Many of these documents are documents that should be on hand for a Debtor contemplating bankruptcy, including bank statements and proof of insurance. The UST is still awaiting many documents.

1

5. On December 23, 2024, the Court granted Debtor's First Motion to Extend Time, providing Debtor until January 15, 2025 to file his Subchapter V Plan of Reorganization. The deadline to provide documents to the UST was not extended.

6. The UST intends to file an affidavit outlining the efforts undertaken by the UST's office to ascertain the Debtor's financial condition. The UST also believes a Motion to Dismiss is appropriate based on the limited information available.

7. The UST is sympathetic to the important role the Debtor plays in his community. However, Debtor's ongoing failure to provide documents requested by the UST and comply with the Bankruptcy Code is detrimental to all parties in interest and the numerous requests for additional time are causing undue delay to the resolution of Debtor's financial concerns.

8. The burden to extend time in a subchapter V case to file a plan is higher than simply providing "cause." "The plain language of the phrase 'attributable to circumstances for which the debtor should not justly be held accountable' evinces a higher standard than the 'for cause' standard set forth in both Federal Rule of Bankruptcy Procedure 9006(b) (governing extensions of time generally) and Bankruptcy Code § 1121(d)(1) (governing extensions of a non-subchapter V debtor's exclusivity period to file a chapter 11 plan). The legislative history of § 1221 confirms that finding. Moreover, the rational behind the stricter standard is logical." In re Baker, 625 B.R. 27, 33-34 (Bankr. Tex. 2020).

9. In Debtor's First Motion to Extend Time, Debtor and his Counsel assured the Court and all parties in interest that Debtor's plan was "75%-80% complete and are confident no further [sic] request for an extension of time will be needed." *See* Doc. 70, page 4. Despite having additional time, Debtor now asserts his plan is "between 80%-85% complete." Under the First Extension of Time, Debtor's plan must be filed tomorrow.

10. The Legislative History and Comment to the enactment of subchapter V provide a clear picture behind the purpose of subchapter V. The House Report notes the SBRA "would streamline the bankruptcy process by which small business debtors reorganize and rehabilitate their financial affairs." H.R. Rep. 116-171, at 1 (2019). A proponent of the legislation noted the SBRA allows debtors "to file bankruptcy in a *timely*, cost-effective manner. . . " *Id.* at 4 (statement of Rep. Ben Cline) (emphasis added). A hallmark of subchapter V is the expedited timeline to plan filing.

11. Debtor made two requests for additional time to file his schedules. Debtor has failed to comply with requests for documents with the United States Trustee. Debtor is not using a DIP account. Not all of Debtor's property is ensured, to the detriment of the bankruptcy estate. Debtor is now requesting an additional extension to the strict deadline to file his plan of reorganization, with little movement on the case evident from the docket.

WHEREFORE, the UST respectfully requests the Court deny Debtor's Second Request for Additional Time, set the matter for hearing, and for all other relief that is just and equitable under the circumstances.

Dated this 14th of January, 2025

Respectfully Submitted,

**Mary R. Jensen**
Acting United States Trustee

By: */s/ Claire R. Davison*
Trial Attorney
210 Walnut Street, Room 793
Des Moines IA 50309
202-320-3943
Claire.R.Davison@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned certifies that copies of this document were served on the parties listed below by electronic mail or first-class mail, postage prepaid, on January 14, 2025:

    All parties receiving ECF notifications.

    Dwight Anthony Reed
    PO Box 1681
    Des Moines, IA 50305

                                    */s/ Shelly Fellner*
                                    Shelly Fellner
                                    Legal Assistant